IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROSEANNE M. HENDRICK,

     Plaintiff,                            05cv1149

    v.                               **Electronically Filed**

CITY OF PITTSBURGH, ET AL.,

     Defendants.

**MEMORANDUM AND ORDER OF COURT**

Before the Court is defendants' motion to dismiss plaintiff Roseanne Hendrick's claims under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. § 951 et seq., against the City of Pittsburgh and the American Federation of State, County and Municipal Employees at Count II of the complaint, and against all of the individual defendants at Count III.  Defendants argue "lack of jurisdiction" as to Counts II and III because the EEOC complaint did not specifically allege PHRA violations, and  "lack of jurisdiction" as to any conduct occurring before December 27, 2004 serving as the basis of a PHRA claim.  Plaintiff asserts that the EEOC charge did, in fact, include a PHRA claim, and that defendants' argument about conduct occurring before December 27, 2004, is not a "jurisdictional" argument but rather, is in the nature of a premature motion in limine.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  <u>Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hosp.</u>, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41,

45-46 (1957); Marshall-Silver Construction Co. v. Mendel, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party.  Budinsky v. Pennsylvania Dept. of Environmental Resources, 819 F.2d 418, 421 (3d Cir. 1987).  Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules."  Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004), quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, defendants' "jurisdictional" arguments are premature, and this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of her claims at Count II against the employer and her union, or at Count III against all but one of the individual defendants.  As to Kathy L. Traxler, plaintiff concedes that Ms. Traxler was not plaintiff's supervisor but a co-worker, and that neither Title VII nor the PHRA provide a cause of action as to co-workers.

Accordingly,

**AND NOW, this 30th day of November, 2005,** after due consideration of defendant's motion to dismiss of the complaint, plaintiff's response thereto, and the memoranda of law in support and in opposition thereto,

**IT IS HEREBY ORDERED** that said motion to dismiss (Document No. 18) is

**GRANTED** with respect to defendant Traxler**,** who is dismissed from the case; in all other

respects, said motion is **DENIED** without prejudice to defendant's raising the issues set forth

therein in a motion for summary judgment at the appropriate time following discovery.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All counsel of record as listed below

Lois E. Glanby, Esquire
Diego Correa, Esquire
Caroline Liebenguth, Esquire
Amy L. Rosenberger, Esquire
John R. Bielski, Esquire